**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DIANA ACOSTA, on behalf of plaintiff and the class members described herein, | ) ) ) Case No. 14-cv-8198 |
| Plaintiff, | ) ) Judge Rebecca Pallmeyer |
| vs. | ) ) Magistrate Judge Geraldine Soat Brown |
| CREDIT BUREAU OF NAPA COUNTY, INC. d/b/a CHASE RECEIVABLES, | ) ) ) ) |
| Defendant. | ) ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

**I.     INTRODUCTION**

Defendant Credit Bureau of Napa County, Inc., d/b/a Chase Receivable ("Chase Receivables") has filed a motion to dismiss this Fair Debt Collection Practices Act ("FDCPA") action which can only be described as disingenuous.  The Illinois Collection Agency Act ("ICAA") specifically prohibits a collection agency such as Chase Receivables from  "Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt or claim unless such interest or other charge or fee is expressly authorized by the agreement creating the debt or claim unless expressly authorized by law or unless in a commercial transaction such interest or other charge or fee is expressly authorized in a subsequent agreement. . . ."  225 ILCS 425/9(a)(29), quoted in Cmplt., ¶15. Under the ICAA, in a consumer transaction (such as those covered by the FDCPA) a collection agency may not enter into a "subsequent agreement" for any interest, charge or fee not authorized by the agreement creating the debt. Plaintiff Diana Acosta  alleges that defendant Chase Receivables attempted to collect a fee for credit card

1

payments that is not authorized by the agreement creating the debt. Without discussing 225 ILCS 425/9(a)(29) anywhere in its motion or brief – even though it is quoted in the complaint and forms the basis of plaintiff's claim – Chase Receivables argues that the complaint fails to state a claim. Among other things, Chase Receivables argues that a letter offering a voluntary "subsequent agreement" is not "in connection with" the collection of a debt, when the Seventh Circuit, in a controlling decision Chase Receivables fails to cite, held that it is. *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 382 (7th Cir. 2010).

## II.   FACTS

The following facts are alleged in the complaint and must be taken as true.

Plaintiff, Diana Acosta, is a resident of this District. (Cmplt., ¶4) Defendant Credit Bureau of Napa County, Inc. d/b/a Chase Receivables is a California corporation with its headquarters at 1247 Broadway, Sonoma, CA 95476. It does business in Illinois. (Cmplt., ¶5)

At all times herein relevant, Chase Receivables was engaged in the primary business of collection of purportedly delinquent accounts for third parties. (Cmplt., ¶6) Chase Receivables uses the mails and telephone system in conducting its business. (Cmplt., ¶7) At all times herein relevant, Chase Receivables was and is a "debt collector" as that term defined by 15 U.S.C. §1692a(6) of the FDCPA, 15 U.S.C. §1692 et seq. (Cmplt., ¶8)

In addition, at all times herein relevant, Chase Receivables was a licensed debt collection agency with the Illinois Department of Financial and Professional Regulation ("IDFPR"). (Cmplt., ¶9) The IDFPR administers the ICAA and licenses debt collectors who seek to collect from Illinois residents. Chase Receivables routinely attempts to collect debts and/or delinquent accounts in the Northern District of Illinois. (Cmplt., ¶10)

On or about September 8, 2014, Chase Receivables sent plaintiff the letter attached as

Exhibit A. (Cmplt., ¶11) Exhibit A states that there is a $14.95 fee if paying by credit card. (Cmplt., ¶12) Exhibit B depicts a screen on the web site of Chase Receivables. (Cmplt., ¶13) Exhibit B also states that there is a $14.95 fee for paying by credit card. (Cmplt., ¶14) There is no agreement authorizing such a charge. (Cmplt., ¶16)

The $14.95 fee therefore may never be charged under Illinois law. (Cmplt., ¶17) Chase Receivables violated 15 U.S.C. §§1692e, 1692e(2), 1692e(10), 1692f, and 1692f(1) by (a) referring consumers to its website and stating on the website that there is a fee for paying by credit card, (b) when no such fee may be charged in Illinois, (c) representing expressly or by implication that such fees could lawfully be charged, and (d) charging the fee. (Cmplt., ¶26)

Section 1692e provides:

> **§ 1692e.   False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)   The false representation of–**
>
> > **(A)   the character, amount, or legal status of any debt; or**
> >
> > **(B)   any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. . . .**
>
> **(10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

Section 1692f provides:

> **§ 1692f.   Unfair practices [Section 808 of P.L.]**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

3

> **(1)  The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

### III.  THE FAIR DEBT COLLECTION PRACTICES ACT

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors."  15 U.S.C. §1692(e). This law "is designed to protect consumers from unscrupulous collectors, regardless of the validity of the debt." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements in connection with the collection of a debt. It also requires debt collectors to give debtors certain information about alleged debts, and about their rights as consumers.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

> In enacting the FDCPA, Congress recognized the
>
> universal agreement among scholars, law enforcement officials, and even debt collectors that the number of persons who willfully refuse to pay just debts is minuscule....  [The] vast majority of consumers who obtain credit fully intend to repay their debts.  When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness, or marital difficulties or divorce.

95 S.Rep. 382, at 3 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1697.

> *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008)

held that

> the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct. This intent cannot be underestimated.

See *Sonmore v. CheckRite Recovery Services, Inc.*, 187 F.Supp.2d 1128, 1132 (D.Minn. 2001) (the FDCPA "is a remedial strict liability statute which was intended to be applied in a liberal manner"); *Owens v. Hellmuth & Johnson PLLC*, 550 F.Supp.2d 1060, 1063 (D.Minn. 2008)

4

(same); and *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (the FDCPA should be "[construed]... broadly, so as to effect its purpose"). Further, "Congress intended the Act to be enforced primarily by consumers...." *Federal Trade Commission v. Shaffner*, 626 F.2d 32, 35 (7th Cir. 1980). The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

The Seventh Circuit has long held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of an "unsophisticated consumer." *Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003), held that the "test for determining whether a debt collector violated [the FDCPA] is objective, turning not on the question of what the debt collector knew but on whether the debt collector's communication would deceive or mislead an unsophisticated, but reasonable, consumer. *Gammon v. GC Servs. Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994)."

FDCPA plaintiffs need not prove intent, bad faith or negligence; "debt collectors whose conduct falls short of [the FDCPA's] requirements are liable irrespective of their intentions." *Ruth v. Triumph Partnerships*, 577 F.3d 790, 805-806 (7th Cir. 2009). And pursuant to 15 U.S.C. §1692k, statutory damages are recoverable for violations regardless of whether the consumer proves actual damages – "[all] that is required is proof that the statute was violated, although even then it is within the district court's discretion to decide whether and if so how much to award, up to the $1,000 ceiling." *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997). *Accord*, *Quiroz v. Revenue Production Management, Inc.*, 252 F.R.D. 438, 444 (N.D.Ill. 2008); *Blarek v. Encore Receivable Management*, 244 F.R.D. 525, 528 (E.D.Wis. 2007).

**IV.     DEFENDANT'S FEE IS PROHIBITED BY ILLINOIS AND FEDERAL LAW**

Chase Receivables seeks to justify the fee on the ground that it would not be charged unless the consumer agreed to it, claiming it is a "voluntary, optional, and fully-disclosed fee for payment by credit card" (Def.Mem., p. 3), *i.e.*, anyone who pays the fee agreed to it. The problem with defendant's argument is that the ICAA specifically prohibits collection agencies such as Chase Receivables from soliciting or obtaining any such agreement. The fee also violates the FDCPA.

The fee for payment by credit card is a "charge or fee in excess of the actual debt or claim" allegedly owed by Ms. Acosta. 225 ILCS 425/9(a)(29). It is not "expressly authorized by the agreement creating the debt or claim". (Cmplt., ¶16) It is not "expressly authorized by law", which covers charges such as court costs authorized by statute even absent an agreement. It cannot be "expressly authorized in a subsequent agreement" because this case does not involve a "commercial transaction," but one for personal, family or household purposes.

FDCPA 1692f prohibits "unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (1) [t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law". The FDCPA also prohibits "[t]he false representation of . . . (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt". 15 U.S.C. §1692e(2).

Under 15 U.S.C. 1692e and 1692f, "A debt collector may attempt to collect a fee or charge in addition to the debt if either (a) the charge is expressly provided for in the contract

creating the debt and the charge is not prohibited by state law, or (B) the contract is silent but the charge is otherwise expressly permitted by state law. Conversely, a debt collector may not collect an additional amount if either (A) state law expressly prohibits collection of the amount or (B) the contract does not provide for collection of the amount and state law is silent.*" FTC Official Staff Commentary on the Fair Debt Collection Practices Act*, 53 Fed. Reg. 50097, 50108 (Dec. 13, 1988). This is the test applied by courts under the FDCPA. *Turner v. J.V.D.B. & Assocs., Inc.,* 330 F.3d 991, 996 (7th Cir. 2003) ("Whether the collection of a debt violates §1692f(1) depends solely on two factors: (1) whether the debt agreement explicitly authorizes the charge; or (2) whether the charge is permitted by law."); *Burch v. Midland Funding, LLC*, 14 C 219, 2014 WL 4898265, *4 (N.D. Ill., Sept. 29, 2014) (quoting the FTC's commentary); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 408 (3d Cir. 2000) (same); *Niemiec v. NCO Financial Systems, Inc*., No. 1:05cv219, 2006 WL 1763643, *8 (N.D. Ind., June 27, 2006) (same); *Ballard v. Equifax Check Services, Inc.,* 158 F.Supp.2d 1163, 1173 and n. 12 (E.D.Cal. 2001) (same); *Patzka v. Viterbo College,* 917 F. Supp. 654, 658 (W.D. Wisc. 1996) ("Under this provision, it is unconscionable for a debt collector to collect any amount in excess of the principal amount of a loan, including collection charges, unless these charges are authorized expressly by the terms of the agreement creating or evidencing the debt or unless the charges are authorized explicitly by applicable state law."); *PRA III, LLC v. Hund*, 364 Ill.App.3d 378, 846 N.E.2d 965, 973 (Ill. App. Ct. 2006) (same).

Defendant claims that §1692f(1) allows a debt collector to enter into a "subsequent agreement," other than the one creating the debt, to perform "services" for the debtor and charge a fee therefor, and that its "transaction fee" is permissible under such rationale. However, there is no agreement to pay a credit card payment fee in the contract creating the debt and Chase

Receivables' alleged "subsequent agreement" is specifically prohibited by applicable state law. Accordingly, it is a violation of 1692e and 1692f to (a) inform Illinois consumers that there is a fee for paying by credit card, when no such fee may be charged in Illinois, (b) represent to Illinois consumers that such fees could lawfully be charged, or (c) charge Illinois consumers the fee.

## V.     THE FEE IS "IN CONNECTION WITH" THE COLLECTION OF A DEBT

Citing the unreported decision in *Mann v. National Asset Management Enterprises, Inc.*, 1:04cv1304 (C.D. Ill., Feb. 24, 2005), Chase Receivables argues that it is not seeking to "collect" the fee, on the theory that "collection" requires it to claim the particular fee is legally owed. (Def.Mem., pp. 5, 6) Of course, Chase Receivables claims that the fee is legally owed if the consumer pays by credit card, in contrast to the typical credit card transaction, in which any fee imposed on the merchant by the credit card issuer or processor is borne by the merchant.

*Mann* is inconsistent with a Northern District of Illinois decision, *Longo v. Law Offices of Gerald E. Moore & Associates, P.C.*, 04 C 5759, Dkt. #29 (N.D. Ill., Feb. 3, 2005) (Lefkow, J.). *Longo* held that even if a fee was optional, it was covered by the FDCPA. "Given the plain language of the FDCPA, which prohibits debt collectors from collecting any fee in excess of the debt unless meeting its specific requirements and which does not specify how 'incidental' the fee must be in order to fall outside its scope, and the liberal construction afforded the FDCPA, the court finds that the $7.50 fee sought by Moore & Associates for payment by phone is 'incidental' to the claimed debt." *Longo*, p. 8.

Subsequently, the court in *Longo* granted summary judgment to the defendant on the ground that the letter had been sent to an attorney retained by Ms. Longo, as opposed to Ms. Longo herself, and a misrepresentation of legal rights made to a competent attorney was not

8

materially deceptive. Chase Receivables cites the summary judgment decision, 2008 WL 4425444 (N.D.Ill., Sept. 26, 2008), without mentioning the earlier decision sustaining the claim, even though the representation in *this* case was addressed directly to a lay consumer, i.e., the grounds for granting summary judgment against Ms. Longo do not apply.

The Court need not resolve the inconsistency between *Mann* and *Longo*, because the Seventh Circuit has already done so, in *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 382 (7th Cir. 2010). In *Gburek*, the Court of Appeals specifically held that the FDCPA ***does*** cover letters offering optional arrangements between a consumer and a debt collector relating to the payment of a debt. The Court of Appeals in *Gburek* reversed the district court's dismissal of a complaint based on "Litton's offer to participate in loan-workout negotiations" on the same theory urged by Chase Receivables and adopted in *Mann* – that such an offer was not made "'in connection with' any debt-collection efforts because it did not contain an explicit demand for payment," and an offer to restructure a defaulted debt is "optional" and "voluntary."

In reversing, the Seventh Circuit held that "Gburek's mortgage was in default, and the text of the letters indicate they were sent to induce her to settle her mortgage-loan debt in order to avoid foreclosure. The complaint thus sufficiently alleges communications that were 'sent in connection with an attempt to collect a debt' . . . ." (614 F.3d at 385) The Court found it important that the only relationship the defendant had with the plaintiff was that of collector of a defaulted debt and consumer.

Similarly, the Third Circuit expressly rejected the argument that a debtor can enter into a "voluntary subsequent agreement" with a debt collector that provides for charges or fees not provided for in the underlying obligation. In *Pollice v. National Tax Funding, supra*, 225 F.3d 379, 408 (3d Cir. 2000), defendants had purchased delinquent water and sewer bills and entered

9

into payment plans with the debtors providing for interest and penalties. In finding a §1692f(1) violation, the Third Circuit expressly held that an FDCPA "debt collector" could not rely on a post-default agreement between the debt collector and the debtor to justify charges not authorized by the agreement creating the debt:

> Under the interpretation set forth in the Staff Commentary and *Tuttle*, the defendants presumably have violated section 1692f(1) regardless of the presence of any agreement authorizing the rates of interest and penalties, because state law specifically prohibits charging interest in excess of ten percent on the assigned claims. In any event, we do not believe the rates defendants charged are "expressly authorized by the agreement creating the debt." Although the agreement need not be in writing, we believe the term "expressly authorized by the agreement creating the debt" requires some actual knowledge or consent by the consumer during the course of the transaction which gives rise to the debt. As we have indicated, the "debts" which defendants have undertaken to collect are homeowners' original obligations arising out of their subscription to water and sewer services. The "agreement creating the debt" therefore was the transaction between each homeowner and the relevant government entity relating to the provision of water and sewer services. Defendants do not contend that the interest and penalty rates were "expressly" set forth in these agreements or transactions, nor do they contend that homeowners actually consented to or were aware of the rates when they subscribed to the services. The most defendants can say is that the rates were made an *implicit* part of such transactions because they are set forth in municipal ordinances and resolutions. We do not believe this suffices. Nor can defendants rely on the payment plans, as the plans are not the "agreement creating the debt." Rather, as stated, the "debts" to which all of defendants' collection activities have been directed are the original water and sewer obligations, which arose out of the transactions between homeowners and the government entities.
>
> Thus, we conclude that defendants have violated section 1692f(1) by collecting amounts not expressly authorized by the agreement creating the debt or permitted by law. (Emphasis added)

Both the Seventh and Fifth Circuits have held that letters offering to settle defaulted debts may violate the FDCPA if they are misleading. *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 772 (7th Cir. 2007); *Goswami v. American Collections Enterprise, Inc.*, 377 F.3d 488 (5th Cir. 2004). They did so even though a settlement is, by definition, voluntary and not required.

In short, 1692e is much broader than Chase Receivables (or *Mann*) suggests. Section

1692e provides that Chase Receivables "may not use any false, deceptive, or misleading representation or means *in connection with* the collection of any debt". (Emphasis added)  "In connection with" is very broad and expansive language.  *Richek v. Bank of America, N.A.,* 10 C 6779,  2011 WL 3421512, *4 (N.D.Ill., Aug. 4, 2011), citing *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71  (2006) ("touching upon").  Thus, a letter inquiring about settlement or restructuring a defaulted debt is "in connection with" the collection of that debt even if any arrangements of that nature are purely voluntary.

Charging a fee for paying a debt by credit card is just as much "in connection with" or "touching upon" the "collection of any debt" as an offer to restructure it. As in *Gburek*, Chase Receivables had no relationship with plaintiff other than that of debt collector and consumer. The fee may not be obligatory unless the consumer pays by credit card, but loan workout negotiations or settlement discussions are equally non-obligatory. Furthermore, collection of the fee is of pecuniary benefit to the collector and its principal, because otherwise one of them would have to bear the charge that the credit card processor imposes on the transaction. As a result, the collector and its principal collect more than they would without the fee. And since many people pay by credit card, not taking credit cards is not a viable option.

More recent decisions have agreed with *Longo* and *Gburek* and disagreed with *Mann*, holding that if the fee is received by the debt collector, as opposed to a third party, it is covered by and violates the FDCPA even if it is "voluntary." *Shami v. Nat'l Enter. Sys.,* No. 09cv722, 2010 WL 3824151 at *2–4 (E.D.N.Y. Sept. 23, 2010) (plaintiff stated a claim based on collection letter imposing optional credit card payment transaction fee not authorized by agreement or law; court expressly agreed with *Longo* and disagreed with *Mann*), later opinion, 914 F.Supp.2d 353 (E.D.N.Y. 2012) (plaintiff did not prove at summary judgment that collector

11

got fee); *Quinteros v. MBI Associates, Inc.*, 999 F.Supp.2d 434, 438-39 (E.D.N.Y. 2014) (credit card processing fee is "incidental to the principal obligation" and violates 1692f unless authorized by the agreement creating the debt or by law).

Defendant cites a dictionary as purporting to define "collect" as "claim as due and receive payment for." (Def.Mem., p. 5 and n. 2) In fact, "collect" can mean claiming as due, soliciting voluntary payment, or simply receiving money. E.g., *American Heritage Dictionary of the English Language*, https://www.ahdictionary.com/word/search.html?q=collect (meanings of "collect" include "To call for and obtain payment of: collect taxes." and "To take in payments or donations: collecting for charity." The Merriam-Webster dictionary, cited by defendant, includes as definitions both "to claim as due and receive payment for" and "to receive payment," as in "collecting on the insurance." (http://www.merriam-webster.com/dictionary/collect) Courts also define "collect" consistent with plaintiff's position. *Gardin v. Long Beach Mortgage Co.*, 661 N.W.2d 193, 198 (Iowa 2003) ("'Collect' is defined as 'to receive payment.' Black's Law Dictionary 238, 238 (5th ed. 1979); *see also* Webster's Encyclopedic Unabridged Dictionary 403 (defining 'collect' as 'to receive payment')"); *Polakoff v. State*, 586 So. 2d 385 (Fla. App. 1991) (defining "'collect' to mean to receive payment ..."); *All American Life Ins. Co. v. Rvlander,* 73 S.W.3d 299, 302 (Tex. App. 2001) ("'Collect'" means 'to receive, gather, or exact from a number of persons or other sources.' citing Webster's Third New International Dictionary 1894 (1986), at 444.); *Stagner v. Wyoming State Tax Comm'n*, 682 P.2d 326, 329 (Wyo. 1984) ("Collect" is said to mean "to receive, gather, or exact from a number of persons or other sources," Webster's Third International Dictionary (1961). The plain meaning of the term "collect" is to obtain something from another."). Indeed, the words "collect" and "collecting" are used in 225 ILCS 425/9(a)(29) to describe charges or fees purportedly authorized only by a

12

"subsequent agreement" with the debt collector; this does not appear to represent any departure from the normal use of the term.

Selecting the narrower definition is not consistent with the principle that the FDCPA should be "[construed] . . . broadly, so as to effect its purpose." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008). To accomplish this goal, whichever meaning of "collect" or "collection" affords the broadest coverage and the most protection to the consumer should be applied.

In this case, there is no question that defendant demanded payment of a debt. Its further position that the FDCPA only applies to aspects of the monetary arrangements relating to the debt which are demanded as of right is contrary to *Gburek* and *Evory*, contrary to common sense, and has no basis in the statute.

The Seventh Circuit has applied the FDCPA to attempts by debt collectors to secure payments of debts as to which there is no legal obligation to pay. *Ross v. RJM Acquisitions Funding LLC*, 480 F.3d 493, 495 (7th Cir. 2007) (debt discharged in bankruptcy); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014) (misleading communications to collect time barred debts). *See Davis v. Midland Funding, LLC*, 2:13cv2316, 2014 WL 3889971 (E.D.Cal., August 7, 2014) (collecting from wrong person).

**VI.    OTHER CASES CITED BY CHASE RECEIVABLES ARE INAPPOSITE**

Chase Receivables cites three cases and a FTC consent order for the supposed proposition that its fee was permissible because "optional." In the unreported decisions in *Lee v Main Accounts*, 125 F.3d 855 (6th Cir. 1997), as well as in *Lewis v. ACB Business Services, Inc.*, 911 F.Supp. 290, 293 (S.D. Ohio 1996), aff'd, 135 F.3d 389 (6th Cir. 1998), and *DuBois v. Ford Motor Credit Co.*, 276 F.3d 1019, 1024 (8th Cir. 2002), applicable state law did not prohibit the

charges even if they were agreed to. The courts therefore analyzed whether the charge was voluntary and readily avoidable.

The FTC consent order in *FTC v. Security Credit Services, Inc.,* 1:13cv799 (N.D.Ga., March 13, 2013), likewise did not raise any issue as to the legality of a fee under Illinois or other applicable state law.

None of these cases is in point here, where state law prohibits a debt collector from entering into a subsequent agreement with a consumer for the payment of anything beyond the amount of the debt.

## VII. DEFENDANT'S CONDUCT WAS FALSE, MISLEADING AND DECEPTIVE

Any attempt to collect amounts expressly prohibited by state law, through representations directly to a lay consumer, is false, deceptive or misleading. Attempting to collect a fee for a payment method implies that the debt collector is permitted to collect that fee. As described above, the fee is illegal. Because the fee is illegal, asking for it at all is (1) a false representation of the "compensation which may lawfully received" under §1692e(2); and (2) a deceptive means to attempt to collect a debt under §1692e(10). *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562 (7th Cir. 2004); *Shami v. Nat'l Enter. Sys., supra,* No. 09cv722, 2010 WL 3824151 at *2–4 (E.D.N.Y. Sept. 23, 2010); *Quinteros v. MBI Associates, Inc., supra*, 999 F.Supp.2d 434, 438-39 (E.D.N.Y. 2014).

## VIII. CONCLUSION

For the reasons stated, Chase Receivables' motion to dismiss should be denied.

                                          Respectfully submitted,

                                          s/Daniel A. Edelman
                                          Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

Michael J. Wood
WOOD FINKO & THOMPSON P.C.
73 West Monroe St., Suite 514
Chicago, Illinois 60603
(312) 757-1880
(312) 265-3227 (FAX)

15

**CERTIFICATE OF SERVICE**

      I, Daniel A. Edelman, hereby certify that on January 15, 2015, I caused to be filed the foregoing documents via the CM/ECF System, which caused to be sent notification of such filing to the following parties via electronic mail:

John Joseph Rock
jrock@rockfuscoconnelly.com

Cory D Anderson
canderson@rockfuscoconnelly.com

Patrick William Chinnery
pchinnery@rockfuscoconnelly.com

Brandon Allen Carnes
bcarnes@rockfuscoconnelly.com

                                                s/Daniel A. Edelman
                                                Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

Michael J. Wood
WOOD FINKO & THOMPSON P.C.
73 West Monroe St., Suite 514
Chicago, Illinois 60603
(312) 757-1880
(312) 265-3227 (FAX)