

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| SONYA L. LONGO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 04 C 5759 |
| ) | Judge Joan H. Lefkow |
| LAW OFFICES OF GERALD E. MOORE ) | |
| & ASSOCIATES, P.C., WORLDWIDE ) | |
| ASSET MANAGEMENT, LLC, ) | |
| WORLDWIDE ASSET PURCHASING, LLC, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Sonya L. Longo ("Longo"), brings this putative class action against defendants, Law Offices of Gerald E. Moore & Associates, P.C., Worldwide Asset Management, LLC, and Worldwide Asset Purchasing, LLC, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* Defendants have moved pursuant to Rule 12(b)(6), Fed. R. Civ. P., to dismiss Longo's Complaint for failure to state a claim upon which relief may be granted. The court has jurisdiction over the claims under 15 U.S.C. §1692k and 28 U.S.C. § 1331. For the reasons set forth below, defendants' motion is denied.

## MOTION TO DISMISS STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957); *Kennedy* v.

*Nat'l Juvenile Det. Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999). In ruling on the motion, the court accepts as true all well pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in favor of the plaintiff. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999); *Zemke v. City of Chicago*, 100 F.3d 511, 513 (7th Cir. 1996).

## ALLEGATIONS OF THE COMPLAINT

Worldwide Asset Management, LLC ("WAM"), a Georgia limited liability company doing business in Illinois, purports to be "one of the largest debt buyers in the country." ( Compl. ¶¶ 5, 7, hereinafter "¶ ___"). WAM purchases defaulted consumer receivable accounts from banks, consumer finance companies, telecommunication companies, and utility companies for collection. (¶ 6). At all times relevant to this suit, WAM directed, controlled, and was actively involved in the business affairs of Worldwide Asset Purchasing, LLC ("WAP"), a limited liability company that also does business in Illinois. (¶ 11). WAM, WAP, and their related companies collect defaulted consumer debt by using the telephone and mail. (¶ 8). As debt collectors under 15 U.S.C. § 1692a(6), WAM and WAP are subject to the provisions of the FDCPA. (¶ 10).

Law Offices of Gerald E. Moore & Associates, P.C. ("Moore & Associates") is a Georgia professional corporation that also engages in the collection of defaulted consumer debts by using the telephone and mail. (¶¶ 15, 17). WAM and/or WAP employ Moore & Associates to collect defaulted consumer debts. (¶ 19). Moore & Associates is subject to the provisions of the FDCPA as a debt collector. (¶ 18).

On or about July 21, 2004, Longo received a form collection letter on the letterhead of Moore & Associates. (¶ 25). This letter sought to collect a credit card debt incurred for personal, family or household purposes. (¶ 26). The letter stated, in part:

2

> We have been authorized by our client to offer you the opportunity to settle your account for less than the balance listed above.
>
> This is a substantial savings off your present balance. If you are interested in this offer please call our office . . . within two business days of receipt of this letter. This is a limited time offer.
>
> If you have elected to make payments by phone, our office charges a processing and handling fee of $7.50 per transaction for this service. This fee is [in] addition to your actual payment and the fee will not be credited to your outstanding balance.
>
> This is an attempt to collect a debt. Any information obtained will be used for that purpose.

(Compl. Ex. A).[1] The letter also stated that Moore & Associates was acting on behalf of DMCCB/WAP. WAP had purchased Longo's debt, which WAM was servicing. (¶ 30).

Moore & Associates, WAP, and WAM agreed to charge a $7.50 fee if a consumer paid, by authorizing over the telephone, one of the defendants to create a check payable against his or her bank account and present it. (¶ 31). The contract creating the debt which the defendants sought to collect did not expressly provide for the $7.50 fee. (¶ 33).

Longo subsequently filed this lawsuit, alleging that the $7.50 fee charged by defendants for telephone payments violates § 1692f(1) of the FDCPA (count I). She also asserts that defendants made false or misleading representations in violation of §§ 1692e(2) and (10) of the FDCPA by asking for the $7.50 fee (count II). In their motion to dismiss, defendants argue that Longo failed to state a claim under either § 1692f(1) or §§ 1692e(2) and (10) and that they are entitled to attorneys' fees and costs pursuant to § 1692k(a)(3), 28 U.S.C. § 1927, and Fed. R. Civ. P. 11(b).

---

[1] Exhibit A is the collection letter sent by Moore & Associates to Longo. The court may consider this exhibit insofar as it is attached to Longo's Complaint. *E.g., Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002); *Beanstalk Group, Inc. v. Am. Gen. Corp.*, 283 F.3d 856, 858 (7th Cir. 2002).

3

## DISCUSSION

Congress enacted the FDCPA in order "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). In accordance with this purpose, the FDCPA established certain standards for communications that debt collectors send to debtors. Among these standards are the requirement that debt collectors advise debtors of their rights to dispute the debt and demand verification, *see* 15 U.S.C. § 1692g, and a prohibition against collecting a debt through "unfair or unconscionable means," including imposing unauthorized fees on a debtor beyond the amount in arrears. *See* 15 U.S.C. § 1692f(1).

The court evaluates communications from debt collectors "through the eyes of an unsophisticated, but reasonable, consumer . . . ." *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991 at 997 (7th Cir. 2003)(applying unsophisticated consumer standard to a § 1692f claim). The unsophisticated consumer is a "hypothetical consumer whose reasonable perceptions will be used to determine if collection messages are deceptive or misleading." *Gammon v. GC Servs. Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994). This unsophisticated consumer "possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Pettit v. Retrieval Masters Creditors Bureau*, 27 F.3d 1057, 1060 (7th Cir. 2000)(internal quotations and citations omitted). "This standard presumes a level of sophistication that is low, close to the bottom of the sophistication meter, . . . and protects the consumer who is uninformed, naive, or trusting." *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736 (N.D. Ill. 2003)(internal quotations and citations omitted).

4

I.    **Section 1692f(1)**

Section 1692f(1) of the FDCPA forbids a debt collector from collecting any amount "(including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). In order to establish a violation of § 1692f(1), Longo must show "that the money demanded of [her] was 'incidental' to a claimed debt and that the claimed obligation to pay it arose neither by agreement nor by operation of law, in which event it would be 'permitted by law' to be the subject of a collection action." *Shula v. Lawent*, 359 F.3d 489 at 492-93 (7th Cir. 2004).

Defendants contend that the payment by phone option and its corresponding fee was entirely voluntary, that it was an offer made by the collector to perform a service in exchange for a nominal fee, and, therefore, the $7.50 fee does not implicate § 1692f(1). They argue that the consumer is free to accept or reject the offer, that the fee has nothing to do with the debt itself, and that the fee is entirely avoidable and separate from the debt. In other words, the $7.50 fee is not even "incidental" to the claimed debt.

"Incidental," which is not defined in the FDCPA, is defined by BLACK'S LAW DICTIONARY (8th ed. 2004) as "[s]ubordinate to something of greater importance; having a minor role." Almost by definition, a fee associated with an option for paying the debt is "incidental" to a claimed debt. Under the plain language of the FDCPA, which the court must enforce according to its terms, *Aubert v. Am. Gen. Fin., Inc.*, 137 F.3d 976, 979 (7th Cir. 1998), a debt collector may not collect *any* fee incidental to the claimed debt unless expressly authorized by the agreement creating the debt or permitted by law. The FDCPA does not specify whether that fee must be voluntary or involuntary. In addition, because the FDCPA is designed to protect consumers, it is, in general, liberally

5

construed in favor of consumers to effect its purpose." *Ross v. Commercial Fin. Servs., Inc.*, 31 F. Supp. 2d 1077, 1079 (N.D. Ill. 1999).

Defendants cite to two cases from the Sixth Circuit, *Lee v. Main Accounts, Inc.*, 125 F.3d 855, 1997 U.S. App. LEXIS 27922, 1997 WL 618803 (6th Cir. Oct. 6, 1997),[2] and *Lewis v. ACB Business Servs., Inc.*, 911 F. Supp. 290 (S.D. Ohio 1996), in which the courts found that the FDCPA did not apply to fees associated with specific payment options. In *Lee*, the fee in question was a five-percent charge imposed on the debt collector, Main Accounts, by the Visa credit card service provider. 1999 U.S. App. LEXIS 27922 at *1. In its debt collection letter to the plaintiff, Main Accounts stated that it would pass on the five-percent charge to the plaintiff if she chose to pay her account by credit card. The letter first requested payment by cashier check or money order and only listed the credit card option at the bottom of the page. 1999 U.S. App. LEXIS 27922 at *2. In affirming summary judgment in favor of Main Accounts on the plaintiff's FDCPA claims, the Sixth Circuit reasoned that the transaction fee mentioned in the letter was not a fee collected by Main Accounts and that Main Accounts had not forced the plaintiff to pay any surcharge and would not have received any additional compensation from the credit card fee. The court further explained that the language did not amount to an "attempt" to collect an extra fee under § 1692f(1). *Id.* Citing the

---

[2]Longo takes issue with the defendants' reliance on *Lee* because of its unreported status. Unpublished decisions of other courts are not to be considered to the extent the rules of the issuing court prohibit consideration of the unpublished opinion. *Aetna Casualty & Surety Co. of Hartford, Conn. v. Kerr-McGee Chemical Corp.*, 875 F.2d 1252, 1255 n.2 (7th Cir. 1989); *KingVision Pay per View, Ltd. v. Boom Town Saloon, Inc.*, 98 F. Supp. 2d 958, 959 n.1 (N.D. Ill. 2000). Circuit Rule 28(g) of the Sixth Circuit allows the citation of the Sixth Circuit's unpublished decisions if a party believes "that an unpublished disposition has precedential value in relation to a material issue in a case, and that there is no published opinion that would serve as well . . ." Considering the paucity of case law involving optional payment choices and the FDCPA, the court finds that Defendants' citation to *Lee* satisfies Circuit Rule 28(g).

Ohio Code, the Sixth Circuit found that "this type of optional payment choice is, by definition, not an unconscionable or deceptive debt collection practice." 1997 U.S. App. LEXIS 27922 at *2-3.

Similarly, in *Lewis*, the plaintiff was given the option of paying his debt using his credit cards or, with an additional processing fee, an American Express Moneygram. 911 F. Supp. at 292-93. The court granted the defendant's motion for judgment as a matter of law under Fed. R. Civ. P. 50 at the conclusion of all evidence, dismissing the plaintiff's FDCPA claims. The court found that "the uncontradicted evidence proved that any such fee, voluntarily chosen by the debtor if he or she chose this payment option, would not be paid to [the debt collector] or any entity it controlled and was a standard fee charged by the processor of the payment, an independent entity. *Id.* at 293.[3]

*Lee* and *Lewis*, like the present matter, involve the payment options given to the plaintiffs, including options accompanied by fees. The plaintiffs in *Lee* and *Lewis* would not have incurred the fees at issue unless they chose the payment option that was accompanied by a fee. Likewise, Longo would only have incurred the $7.50 fee if she had chosen, on her own volition, to make a payment over the telephone.

The present matter, however, is distinguishable from *Lee* and *Lewis*. While the debt collection letter sent to Longo included the language "[i]f you have elected to make payments by

---

[3] Defendants also cite *Dubois v. Ford Motor Credit Co.*, 276 F.3d 1019 (8th Cir. 2002), for the proposition that a voluntary payment does not implicate § 1692f(1). In *Dubois*, the Eighth Circuit rejected the plaintiffs' claims that the defendant had violated the bankruptcy code by requiring them to roll excess usage charges from the lease of a car into a second lease. *Id.* at 1023. The Eighth Circuit agreed with the district court's assessment that the plaintiffs had voluntarily made the payments under the first lease after they had received their bankruptcy discharge, up until the time they entered the second lease. *Id.* at 1022. In addition, while the district court had dismissed the plaintiffs' FDCPA claims as barred by the statute of limitations, *id.* at 1022, the Eighth Circuit affirmed the dismissal of the FDCPA claims on other grounds. Citing § 1692f(1), the court summarily explained, "[B]ecause the [plaintiffs] voluntarily entered the second lease and voluntarily agreed to pay the excess fees associated with the first vehicle, [the defendant] did not violate the FDCPA." *Id.* at 1024. The facts in *Dubois* are very specific and dissimilar to the present matter, particularly in light of the bankruptcy issues involved in *Dubois*. Since the present matter involves the issue of a voluntary payment of a fee in excess of the principal debt rather than a voluntary payment of the debt itself, *Dubois* is seemingly inapposite here.

phone," no other payment options were listed. The letter opened with instructions to contact the debt collector by phone to learn how to receive "substantial savings off your present balance." Thus, the entire thrust of the letter was toward handling payment of the debt over the telephone. In addition, Moore & Associates, the debt collector, would have received the $7.50 fee, while the debt collectors in both *Lee* and *Lewis* were not receiving any additional compensation and, thus, not collecting any fee in excess of the debt. Given the plain language of the FDCPA, which prohibits debt collectors from collecting *any* fee in excess of the debt unless meeting its specific requirements and which does not specify how "incidental" the fee must be in order to fall outside its scope, and the liberal construction afforded the FDCPA, the court finds that the $7.50 fee sought by Moore & Associates for payment by phone is "incidental" to the claimed debt.

In light of the court's finding that the $7.50 fee is "incidental" to Longo's debt, § 1692f(1) prohibits the collection of that fee unless the fee is expressly authorized by the agreement creating the debt or permitted by law. The complaint alleges, and the court accepts as true, that the contract creating the debt did not expressly provide for the $7.50 fee. Thus, the court must determine whether offering the payment by phone option for a processing and handling fee of $7.50 is "permitted by law."

Federal courts look to state law when determining whether a fee is "permitted by law" under § 1692f(1). *Ozkaya v. Telecheck Servs., Inc.*, 982 F. Supp. 578 at 585 (N.D. Ill. 1997), citing *Ditty v. Checkrite, Ltd.*, 973 F. Supp. 1320, 1997 U.S. Dist. LEXIS 12568, 1997 WL 471115, at *4 (D. Utah Aug. 11, 1997); *Patzka v. Viterbo College*, 917 F. Supp. 654, 659 (W.D. Wis. 1996), *West v. Costen*, 558 F. Supp. 564, 582 (W.D. Va. 1983). In other words, § 1692f(1) allows the collection of an additional amount if state law expressly permits it, even if the contract is silent on the matter;

8

however, if state law neither affirmatively permits nor expressly prohibits collection of an additional amount, the amount can only be collected if the customer expressly agrees to it in the contract. *Tuttle v. Equifax Check*, 190 F.3d 9, 13 (2d Cir. 1999).

Longo argues that the $7.50 fee is not "permitted by law" because the Illinois Collection Agency Act, 225 ILCS 425/9, prohibits the collection of any fee or charge "in excess of the actual debt" unless the fee "is expressly authorized by the agreement creating the debt," "unless expressly authorized by law," or, in a commercial transaction, unless the "fee is expressly authorized in a subsequent agreement." *See* 225 ILCS 425/9(a)(29). Therefore, she argues, Illinois law must expressly authorize the service fee charged by defendants in order for the FDCPA to permit the fee; however, no Illinois law expressly permits the collection of a fee by a debt collector for processing a payment.[4] Defendants argue that Illinois law permits parties to voluntarily contract for a service in exchange for a fee and, as a consequence, the $7.50 payment by phone fee is valid.

Contrary to defendants' argument, the Illinois Collection Agency Act only allows subsequent agreements for commercial transactions, not consumer transactions. *See* 225 ILCS 425/9(a)(29). Longo established that her debt arose from consumer transactions in that her debt was incurred for personal, family or household purposes. In applying the familiar maxim "*expressio unius est exclusio alterius*" (the enumeration of certain things in a statute implies the exclusion of all other things), *McCabe v. Crawford & Co.*, 210 F.R.D. 631, 640 (N.D. Ill. Sep. 25, 2002), Illinois law prohibits subsequent agreements for the collection of any fee in a consumer transaction.

---

[4]Defendants argue that the Illinois Collection Agency Act, like the FDCPA, refer only to interest, charges, or fees that are added to the debt. This argument ignores the plain language of both statutes. The FDCPA prohibits the collection of "any" amount other than the debt, while the Illinois Collection Agency Act prohibits the collection of interest, fees, or other charges "in excess" of the actual debt. Neither statute specifies that its application is limited to those amounts specifically added to the debt itself, and the court declines to give the statutes such narrow interpretations.

9

Accordingly, Longo has stated a § 1692f(1) claim based on the $7.50 fee. The court, therefore, denies defendants' motion to dismiss Longo's § 1692f(1) claim.

## II. Section 1692e

The FDCPA forbids a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e(2) prohibits "[t]he false representation of (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(2). Section 1692e(10) further prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10). Longo asserts that defendants violated §§ 1692e(2) and (10) by falsely representing the "compensation which may lawfully be received" and by using a deceptive means to attempt to collect a debt as a result of defendants' attempt to collect an illegal fee.

By stating a claim that the $7.50 fee violates § 1692f(1) of the FDCPA, Longo has also stated a claim under § 1692e. That is, if it is determined that the $7.50 violates § 1692f(1), by representing in the debt collection letter that the $7.50 fee is permissible and by using the letter to collect the $7.50 fee, defendants also would have violated § 1692e. The court, therefore, denies defendants' motion to dismiss count II of Longo's complaint. The court also denies defendants' request for attorneys' fees and costs pursuant to § 1692k(a)(3).

10

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss is denied [#13]. Defendants are directed to answer plaintiff's Complaint on or before February 23, 2005.

ENTER: *[signature]*
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: February 3, 2005