UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Diana Acosta, <br><br> Plaintiff, <br><br> v. <br><br> Credit Bureau of Napa County, <br><br> Defendant. | Case No. 14 C 8198 <br><br> Judge John Robert Blakey |

### MEMORANDUM OPINION AND ORDER

This is a purported class action brought under the Fair Debt Collection Practices Act ("FDCA"). Plaintiff Diana Acosta alleges that Defendant Credit Bureau of Napa County, an alleged debt collector under the FDCPA, violated the statute when it sent her a debt collection letter that included a $14.95 processing fee for payments made by credit card.

Defendant has moved to dismiss [26], arguing that the $14.95 fee is lawful under the FDCPA. This Court denies the motion.

I. **Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), this Court must construe the Complaint in the light most favorable to Plaintiff, accept as true all well-pleaded facts and draw reasonable inferences in their favor. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013); *Long v. Shorebank Development Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Statements of law, however, need not be accepted as true. *Yeftich*, 722 F.3d at 915. Rule 12(b)(6) limits this Court's consideration to

"allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

To survive Defendant's motion under Rule 12(b)(6), the Complaint must "state a claim to relief that is plausible on its face." *Yeftich*, 722 F.3d at 915. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**II.   Facts**[1]

On or about September 8, 2014, Defendant, on behalf of its client, sent Plaintiff a letter to collect a $524.59 debt.  Complaint ¶¶ 11-12; 9/8/14 Letter [1-1].  The letter listed "6 easy payment options," including: "Pay via Credit Card. ($14.95 Chase Receivables processing fee where applicable)."  9/8/14 Letter [1-1]; *see also* Complaint ¶ 12.  The fee also is shown on Defendant's online payment center.  Chase Payment Center Screenshot [1-2].  Four of the five other payment options in the debt collection letter do not include a processing fee.  *See* 9/8/14 Letter [1-1].

Plaintiff does not dispute that she owed the $524.59 debt.  Rather, Plaintiff alleges that Defendant is a "debt collector" under the FDCPA, *see* Complaint ¶ 8, and, on behalf of herself and a putative class, brings a single count for violation of

---

[1] The facts are drawn from the Complaint [1] and the exhibits attached thereto: (1) the September 8, 2014 debt collection letter [1-1] and (2) the screenshot of Chase Payment Center [1-2].

2

the FDCPA. Plaintiff specifically alleges that Defendant violated Sections 1692e, 1692e(2), 1692e(10), 1692f and 1692f(1) of the FDCPA because Defendant expressly or tacitly misrepresented that the $14.95 credit card processing fee could lawfully be charged. Complaint ¶¶ 26-28.

## III. Analysis

### A. Section 1692f Claims

Section 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." The statute supplies eight, non-exhaustive examples of unfair or unconscionable conduct under Section 1692f, including:

> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 996 (7th Cir. 2003).

Defendant first argues that there was no "collection" under Section 1692f(1). The term is not defined by the statute. *See* 15 U.S.C. § 1692a. According to Defendant, "collection" means "to claim as due and receive payment for," and the $14.95 credit card processing fee was never claimed as due.

On this issue, as the parties agree, there is no direct guidance from the Seventh Circuit, and the district courts within this Circuit are split. *Compare Mann v. National Asset Management Enterprises, Inc.*, No. 04-1304 (C.D. Ill. Feb. 23, 2005) (granting a motion to dismiss), *with Longo v. Law Offices of Gerald E.*

3

*Moore & Associates, P.C.*, No. 04-5759 (N.D. Ill. Feb. 3, 2005) (denying a motion to dismiss). A recent federal case from New York addressed the conflict between *Mann* and *Longo*, and found that the relevant standard under Section 1692f(1) is whether the processing fee was being passed through from a third-party. *Shami v. National Enterprise Systems*, No. 09-722, 2010 WL 3824151, at *2-4 (E.D.N.Y. Sept. 23, 2010). A pass-through fee is where, for example, a credit card company such as Visa charges the debt collector $14.95 to process credit card payments and, in turn, the debt collector charges debtors the same amount if they pay by credit card.

As explained below, this Court agrees with the analysis from *Longo* and *Shami*. To prevail on its argument that the FDCPA is inapplicable, Defendant must show that its $14.95 credit card processing fee was a pass-through fee. If so, then there is no "collection," as that term is used by Section 1692f(1).

The Court in *Mann* dismissed Section 1692f (and Section 1692e) claims where the plaintiff alleged that the defendants improperly charged a $7.50 processing fee to pay debts by phone. *Mann* Opinion at 4-5. Because the FDCPA did not define "collection," the Court interpreted "to collect" to mean: "to present as due and receive payment for." *Id.* at 3. The Court found that defendants had not presented the processing fee as an amount due and demanded that the plaintiff pay that amount. *Id.* at 3. In further support, the Court cited two decisions from the Sixth Circuit where the Courts likewise denied Section 1692f claims where the debt collector charged a processing fee: (1) *Lee v. Main Accounts, Inc.*, 125 F.3d 855 (6th

4

Cir. 1997) (unpublished); and (2) *Lewis v. ACB Business Services, Inc.*, 911 F. Supp. 290 (S.D. Ohio 1996). *Mann* Opinion at 3-4.

The Court in *Longo* reached the opposite conclusion, denying the motion to dismiss. *Longo* Opinion at 1. As in *Mann*, the issue in *Longo* also was whether a $7.50 processing fee to pay by phone violated Section 1692f. *Longo* Opinion at 2-3. Also as in *Mann*, the Court in *Longo* analyzed the two Sixth Circuit cases. *Longo* Opinion at 6-8. The conflicting outcomes in *Longo* and *Mann* principally arose from their differing interpretations of the Sixth Circuit decisions. While both Sixth Circuit decisions dismissed Section 1692f claims, the Court in *Longo* found them to be materially distinguishable. *Longo* Opinion at 7-8. In those cases, the fee received by the defendant was a pass-through fee and, therefore, the defendant was not collecting any additional compensation from the fee. *Id.* at 6-8. The record in *Longo*, by contrast, did not show that the defendant was merely collecting a pass-through fee. *Id.* at 7-8.[2] Thus the Court denied the motion to dismiss. *Id.* at 1, 11.

The Court in *Shami*, 2010 WL 3824151, at *3-4, concurred with *Longo*, found *Mann*'s reliance on the Sixth Circuit decisions misplaced and denied the motion to dismiss there. More recent federal decisions from New York have concurred with

---

[2] The Court in *Longo* ultimately granted summary judgment in favor of the defendants. *Longo v. Law Offices of Gerald E. Moore & Associates, P.C.*, No. 04-5759, 2008 WL 4425444, at *1 (N.D. Ill. Sept. 26, 2008). Contrary to Defendant's argument, this decision was made on grounds factually distinguishable from here: the debt collection letter was not materially deceptive because it was sent to the debtor's attorney. 2008 WL 4425444, at *2-3, 6. The Seventh Circuit applies a more lenient standard when analyzing communications from a debt collector to an attorney as opposed to the debtor himself. *Id.* at *2. The present record does not show that Plaintiff's counsel received the September 8, 2014 debt collection letter.

5

*Shami*. *See Campbell v. MBI Associates, Inc.*, No. 12-989, __ F. Supp. 3d __, 2015 WL 1543215, at *9-13 (E.D.N.Y. March 31, 2015); *Quinteros v. MBI Associates*, 999 F. Supp. 2d 434, 439-41 (E.D.N.Y. 2014). No recent case from this Circuit has addressed the issue.

The definitions of "collect" corroborate the holdings in *Longo* and *Shami*. While, as *Mann* shows and as Defendant argues, "collect" can be defined to require a presentation of an amount due, there are broader definitions of the word. For example, Plaintiff cites Merriam-Webster's definition of "collect" as: "to receive payment." In light of the liberal construction afforded to the FDCPA to protect consumers, *see Ramirez v. Apex Financial Management LLC*, 567 F. Supp. 2d 1035, 1041-42 (N.D. Ill. 2008), this Court finds that the broader interpretation of "collect" is warranted here. Analogous to here, the Court in *Ramirez* construed a different term, "communication," broadly to effectuate the FDCPA's legislative intent, which emphasized the need to protect consumers. *See also Longo* Opinion at 5-6, 8.

It follows from this Court's construction of the term "collect" and analysis of the case law that Sections 1692f is applicable here. The record currently before this Court does not show that the $14.95 processing fee was a pass-through fee initiated by the credit card provider, so the exception observed by *Longo* and *Shami* is inapplicable.

Because Sections 1692f applies, this Court next must consider whether the $14.95 credit card processing fee was: (1) authorized by agreement between the parties; or (2) permitted by law. 15 U.S.C. § 1692f(1). Under the second prong, a

debt collector may not collect any amount if either: "(A) state law expressly prohibits collection of the amount or (B) the contract does not provide for collection of the amount and state law is silent." FTC Staff Commentary on the FDCPA, 53 Fed. Reg. 50,097, 50,108 (Dec. 13, 1988). This is the test applied by this Circuit. *See, e.g., Turner*, 330 F.3d at 996; *Burch v. Midland Funding, LLC*, No. 14-219, 2014 WL 4898265, at *4 (N.D. Ill. Sept. 24, 2014); *Longo* Opinion at 8-9.

Neither statutory exception to liability is met. First, Plaintiff alleges that, "[o]n information and belief, there is no agreement authorizing [the processing fee] charge." Complaint ¶ 16. At this initial stage, this Court must take that allegation as true.

Second, as for state law, the relevant statute, the Illinois Collection Agency Act ("ICAA"), prohibits a credit card processing fee under the allegations pled here. The ICAA prohibits collecting any fees beyond a debt unless: (1) authorized by prior agreement; (2) authorized by law; or (3) authorized in a subsequent agreement in a commercial transaction. 225 ILCS 425/9(a)(29); *see also Longo* Opinion at 9. The ICAA states:

> Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt or claim unless such interest or other charge or fee is expressly authorized by the agreement creating the debt or claim unless expressly authorized by law or unless in a commercial transaction such interest or other charge or fee is expressly authorized in a subsequent agreement. …

225 ILCS 425/9(a)(29). Based on this plain language, while a subsequent agreement can authorize a fee in a commercial transaction, by implication, the

7

same is not true for consumer transactions.  *See Longo* Opinion at 9 (applying the familiar interpretative tool: "expressio unius est exclusio alterius").

Here, the ICAA does not authorize the $14.95 credit card processing fee.  The fee was not authorized by prior agreement or Illinois state law.  Defendant argues that the debt collection letter was a subsequent contractual offer for a separate service, that is, Defendant offered the convenience of paying by credit card in exchange for $14.95.  The ICAA permits subsequent agreements only where there is a commercial transaction.  *See* 225 ILCS 425/9(a)(29).  There is no commercial transaction here.  Plaintiff argues in its brief that that debt did not involve a "commercial transaction," but rather was for personal, family or household purposes.  While this was not pled in the Complaint, this Court can take notice of additional factual narration from Plaintiff so long as consistent with the Complaint. *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997); *Steinbrecher v. Oswego Police Officer Dickey*, 138 F. Supp. 2d 1103, 1108 (N.D. Ill. 2001). Accordingly, based on the present record, the ICAA bars Defendant from charging the $14.95 credit card fee.  That is the same conclusion that was reached in *Longo*. *Longo* Opinion at 8-10.

This Court's conclusion that the ICAA prohibits the $14.95 credit card processing fee forecloses Defendant's next argument.  It is immaterial that the fee was optional and fully disclosed if the fee is impermissible altogether.

Defendant last cites two consent decrees where the FTC allowed debt collectors to continue to charge processing fees (albeit with certain disclosure

requirements). *See FTC v. RTB Enterprises, Inc.*, No. 14-1691 (S.D. Texas June 17, 2014); *FTC v. Security Credit Services, LLC*, No. 13-799 (N.D. Ga. March 19, 2013). Whatever interpretative value these decrees may have is diminished by the fact that neither appears to involve Illinois law, which is central to this Court's analysis. Indeed, the decrees were consummated in foreign states. Accordingly, the decrees are inapplicable to this Court's analysis.

B.   **Section 1692e Claims**

Section 1692e prohibits debt collectors from employing "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section 1692e(2) prohibits: "[t]he false representation of (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." Section 1692e(10) further prohibits: "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt[.]"

Plaintiff contends that Defendant violated Section 1692e by falsely representing in the debt collection letter that it could lawfully charge a processing fee for credit card payments. Complaint ¶¶ 26-28. Because this Court has concluded that Plaintiff has stated a claim under Section 1692f, Plaintiff has also stated a claim under Section 1692e. If the debt collection letter violates Section 1692f(1) by representing that the processing fee is permissible, then Defendant also would be in violation of Section 1692e. *See Longo* Opinion at 10 (reaching same conclusion); *see also Shami*, 2010 WL 3824151, at *4 (same).

9

## IV. Conclusion

Defendant's motion to dismiss [26] is denied.  A status hearing remains set for April 30, 2015 at 9:45 a.m. in Courtroom 1725.  At that time, the parties should be prepared to set case management dates, including a close of fact discovery.

Dated: April 29, 2015

                              Entered:

                              John Robert Blakey
                              United States District Judge