**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DIANA ACOSTA, on behalf of plaintiff and the class members described herein, | |
| Plaintiff, | Case No. 1:14-CV-08198 |
| v. | Judge: Hon. John Robert Blakey |
| CREDIT BUREAU OF NAPA COUNTY, INC. d/b/a CHASE RECEIVABLES, | Magistrate: Hon. Geraldine Soat Brown |
| Defendant. | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, Credit Bureau of Napa County, Inc., d/b/a Chase Receivables ("CBNC"), by and through its undersigned counsel, for its Answer to Plaintiff's Complaint, states:

INTRODUCTION

1. Plaintiff Diana Acosta brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Credit Bureau of Napa County, Inc., d/b/a Chase Receivable ("Chase Receivables"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

**Answer: CBNC admits that Plaintiff brings a claim herein under the FDCPA, but CBNC denies the facts supporting any allegations supporting the right to relief thereunder, including that any unlawful credit or collection practices occurred.**

VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

**Answer: This paragraph constitutes a legal conclusion, to which no response is required. To the extent a response is required, CBNC admits that this Court has jurisdiction.**

3. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications and activities impacted plaintiff within this District;
   b. Defendant does business within this District.

**Answer: This paragraph constitutes a legal conclusion, to which no response is required. To the extent a response is required, CBNC denies all allegations giving rise to venue in this District, but CBNC admits that venue is proper in this District.**

PARTIES

4. Plaintiff, Diana Acosta, is a resident of this District.

**Answer: CBNC lacks sufficient knowledge to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.**

5. Defendant Credit Bureau of Napa County, Inc. d/b/a Chase Receivables is a California corporation with its headquarters at 1247 Broadway, Sonoma, CA 95476. It does business in Illinois. Its registered agent and office is CT Corporation, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

**Answer: CBNC admits.**

6. At all times herein relevant, Chase Receivables was engaged in the primary business of collection of purportedly delinquent accounts for third parties.

**Answer: CBNC admits.**

7. Chase Receivables uses the mails and telephone system in conducting its business.

**Answer: CBNC admits.**

8. At all times herein relevant, Chase Receivables was and is a "debt collector" as that term defined by 15 U.S.C. §1692a(6) of the FDCPA, 15 U.S.C. §1692 et seq.

**Answer: This paragraph constitutes a legal conclusion, to which no response is required. To the extent a response is deemed required, CBNC admits.**

9. At all times herein relevant, Chase Receivables was a licensed debt collection agency with the Illinois Department of Financial and Professional Regulation.

**Answer: CBNC admits.**

10. Chase Receivables routinely attempts to collect debts and/or delinquent accounts in the Northern District of Illinois.

**Answer: CBNC objects to the vague, ambiguous, and undefined term "routinely," but CBNC admits that it is involved business the business of collecting debts and/or delinquent accounts.**

FACTS

11. On or about September 8, 2014, defendant Chase Receivables sent plaintiff the letter attached as Exhibit A.

**Answer: CBNC admits.**

12. Exhibit A states that there is a $14.95 fee if paying by credit card.

**Answer: CBNC denies. Answering further, CBNC states that Exhibit A to Plaintiff's Complaint contains that the statement that there is a "$14.95 Chase Receivables processing fee where applicable."**

13. Exhibit B depicts a screen on the web site of Chase Receivables.

**Answer: CBNC denies.**

14. Exhibit B also states that there is a $14.95 fee for paying by credit card.

**Answer: CBNC denies. Answering further, CBNC states that Exhibit B to Plaintiff's Complaint contains that the statement "There will be a $14.95 processing fee added to your transaction."**

15. The Illinois Collection Agency Act, 225 ILCS 425/9(a)(29), makes unlawful "Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt or claim unless such interest or other charge or fee is expressly authorized by the agreement creating the debt or claim unless expressly authorized by law or unless in a commercial transaction such interest or other charge or fee is expressly authorized in a subsequent agreement...."

**Answer: CBNC admits that the Illinois Collection Agency Act so reads.**

16. On information and belief, there is no agreement authorizing such a charge.

**Answer: CBNC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.**

17. The $14.95 fee therefore may never be charged under Illinois law.

**Answer: This paragraph constitutes a legal conclusion, to which no response is required. To the extent an answer is required, CBNC denies.**

CLASS ALLEGATIONS

18. Plaintiff Diana Acosta brings this action on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

**Answer: CBNC admits that Plaintiff seeks to bring this action on behalf of a class, but CBNC denies that class relief is appropriate.**

19. The class consists of (a) all individuals with Illinois addresses, (b) who were sent a letter by defendant referring to a $14.95 fee if paying by credit card on its web site, (c) which

letter was sent at any time during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

**Answer: CBNC admits that Plaintiff seeks to bring this action on behalf of the above-described class, but CBNC denies that class relief is appropriate.**

20. On information and belief, the class is so numerous that joinder of all members is not practicable.

**Answer: CBNC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.**

21. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether defendant's fee is prohibited by Illinois law;
    b. Whether a letter representing that such fees may be charged violates the FDCPA.

**Answer: This paragraph constitutes a conclusion of law to which no response is required. To the extent a response is deemed required, CBNC denies.**

22. Plaintiff claims are typical of the claims of the class members. All are based on the same factual and legal theories.

**Answer: This paragraph constitutes a conclusion of law to which no response is required. To the extent a response is deemed required, CBNC denies.**

23. Plaintiffs will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

**Answer: This paragraph constitutes a conclusion of law to which no response is required. To the extent a response is deemed required, CBNC denies.**

24. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.
    b. Members of the class are likely to be unaware of their rights;
    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**Answer: This paragraph constitutes a conclusion of law to which no response is required. To the extent a response is deemed required, CBNC denies.**

## COUNT I – FDCPA

25. Plaintiff Diana Acosta incorporates paragraphs 1-24.

**Answer: CBNC hereby restates and reincorporates is answers to paragraphs 1 through 24 as if set forth fully herein.**

26. Chase Receivables, Inc., violated 15 U.S.C. §§1692e, 1692e(2), 1692e(10), 1692f, and 1692f(1) by (a) referring consumers to its website and stating on the website that there is a $2.95 fee for paying by credit card, (b) when no such fee may be charged in Illinois, (c) representing expressly or by implication that such fees could lawfully be charged, and (d) charging the fee.

**Answer: CBNC denies.**

27. Section 1692e provides:

> § 1692e. False or misleading representations [Section 807 of P.L.]
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>     (2) The false representation of--
>         (A) the character, amount, or legal status of any debt; or
>         (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. . . .
>     (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer...

6

**Answer: CBNC admits that Plaintiff has accurately cited excerpts of 15 U.S.C. § 1692e, but CBNC denies violating any portion of the cited statute.**

28.     Section 1692f provides:

> § 1692f.     Unfair practices [Section 808 of P.L.]
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (1)     The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law…

**Answer: CBNC admits that Plaintiff has accurately cited excerpts of 15 U.S.C. § 1692f, but CBNC denies violating any portion of the cited statute.**

## PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint consists of her prayer for relief, to which no response is required by CBNC. To the extent a response is deemed required, CBNC denies the factual allegations giving rise to the right to relief or that Plaintiff or the purported class are entitled to any such relief.

## AFFIRMATIVE DEFENSES

Defendant, Credit Bureau of Napa County, Inc., d/b/a Chase Receivables ("CBNC"), by and through its undersigned attorneys, hereby states as follows as its Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

At all relevant times as alleged in Plaintiff's Complaint, CBNC acted in good faith and with due care and diligence, and acted with no malice or intent to injure, deceive, misrepresent to, or defraud, or harass Plaintiff or members of the putative class.

### SECOND AFFIRMATIVE DEFENSE

CBNC is not liable to Plaintiff or any members of the putative class because any alleged

violation, if true, was either unintentional or the result of a *bona fide* error of fact, despite CBNC's maintenance of procedures reasonably adapted to avoid any such violations or errors. *See* 15 U.S.C. § 1692k.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff and/or all members of the putative class has/have failed to mitigate her/their damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' injuries, if any, are attributable, in whole or in part, to the acts or conduct of another party.

CBNC expressly reserves the right to amend, add, or delete its affirmative defenses as discovery and investigation continues and circumstances dictate.

WHEREFORE, Defendant, Credit Bureau of Napa County, Inc., d/b/a Chase Receivables, requests that this Court grant judgment in its favor and against Plaintiff and members of the putative class, dismiss Plaintiff's Complaint in its entirety and with prejudice, award CBNC its reasonable attorneys' fees and costs to the extent permitted by law, and for any other such relief as this Court deems just.

| | |
|---|---|
| Dated: May 13, 2015 | Respectfully submitted, |
| John J. Rock, ARDC #6237980<br>Cory D. Anderson, ARDC #6274473<br>Patrick W. Chinnery, ARDC #6305619<br>Brandon A. Carnes, ARDC #6312484<br>Rock Fusco & Connelly, LLC<br>321 N. Clark Street, Suite 2200<br>Chicago, Illinois 60654 | Credit Bureau of Napa County, Inc. d/b/a<br>Chase Receivables<br><br>By: /s/ *Brandon A. Carnes*<br>    One of its attorney |

## **CERTIFICATE OF SERVICE**

      I, Brandon A. Carnes, an attorney, certify that a copy of the foregoing **Defendant's Answer to Plaintiff's Complaint** was served on all counsel and parties of record via the Court's ECF system on May 13, 2015.

      /s/   *Brandon A. Carnes*